UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BOART LONGYEAR, INC.,

        Plaintiff,

v.

NATIONAL EWP, INC., et al.,

        Defendants.

2:11-CV-2106 JCM (RJJ)

**ORDER**

Presently before the court is defendant National EWP, Inc.'s motion to dismiss plaintiff's first amended complaint. (Doc. #18). Plaintiff Boart Longyear, Inc. filed an opposition. (Doc. #22). Defendant then filed a reply. (Doc. #23).

The instant motion is defendant's second motion to dismiss. Defendant filed its first motion to dismiss on March 12, 2012, arguing that this court lacked jurisdiction because the parties were not diverse. (Doc. #8). After defendant filed its first motion to dismiss, plaintiff filed an amended complaint, which removed the non-diverse defendants. (Doc. #15). The court denied defendant's first motion to dismiss as moot (doc. #17), and defendant then filed the instant motion to dismiss plaintiff's amended complaint, again arguing that this court lacks subject matter jurisdiction and that plaintiff has failed to plead a claim upon which relief can be granted (doc. #18). Defendant incorporated the arguments in its first motion to dismiss in its second motion to dismiss. (Doc. #18).

In this case, plaintiff seeks to enjoin defendant from hiring plaintiff's former employees, who are allegedly subject to non-competition provisions in their employee agreements. (Doc. #15).

**James C. Mahan**
**U.S. District Judge**

I.      **Subject matter jurisdiction**

The amended complaint asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. #15). A federal court can exercise diversity jurisdiction under 28 U.S.C. § 1332 only when (1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) there is complete diversity between the parties. *See* 28 U.S.C. § 1332.

Pursuant to Federal Rule of Civil Procedure 19, a court may dismiss an action if a party is determined to be "indispensable." FED. R. CIV. P. 19(b); *Quileute Indian Tribe v. Babbitt*, 18 F.3d 1456, 1458 (9th Cir. 1994). The court must first determine if an absent party is "necessary." *Id.* If the party is necessary and cannot be joined, then the court "must determine whether the party is indispensable so that in equity and good conscience the action should be dismissed." *Id.* (internal quotations omitted).

In the instant motion to dismiss for lack of subject matter jurisdiction, defendant asserts that the non-diverse parties removed in the amended complaint are indispensable. (Doc. #18). Accordingly, joinder of the non-diverse parties would destroy complete diversity, and the court must dismiss the case. (Doc. #18).

**A.      Necessary parties**

Before the court reaches the issue of whether the non-diverse parties are indispensable, it must first determine whether they are necessary. *Babbitt*, 18 F.3d at 1458. Pursuant to Federal Rule of Civil Procedure 19(a), a necessary party must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a).

Here, the non-diverse parties are not necessary. Neither Rule 19(a)(1)(A) or (a)(1)(B) require these parties to be joined.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    Defendant does not dispute that the absence of the non-diverse parties will not prevent the
2 court from "accord[ing] complete relief among existing parties." FED. R. CIV. P. 19(a)(1)(A). (Docs.
3 #18 and #23). Further, the absence of these non-diverse parties does not subject defendant to the
4 substantial risk of incurring double, multiple, or otherwise inconsistent obligations. FED. R. CIV. P.
5 19(a)(1)(B). If the court enjoins defendant from hiring plaintiff's former employees who are subject
6 to these non-competition provisions, then defendant will not be put in the position of incurring
7 double, multiple, or otherwise inconsistent obligations because defendant could not hire any of these
8 former employees. Therefore, defendant has not demonstrated that the non-diverse parties are
9 necessary.

**B.    Indispensable parties**

11    The court has already determined that the non-diverse parties are not necessary. Therefore,
12 the court does not have to analyze whether the non-diverse parties are indispensable. *See Babbitt*,
13 18 F.3d at 1458. Accordingly, this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and
14 dismissal on this ground is not appropriate.

**II.    Failure to state a claim upon which relief can be granted**

16    A complaint must include a "short and plain statement of the claim showing that the pleader
17 is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the
18 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp.*
19 *v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts may dismiss causes of
20 action that "fail[] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

21    The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v.*
22 *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable
23 inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to
24 dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is
25 plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).
26 Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a
27 sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are

**James C. Mahan**
**U.S. District Judge**

- 3 -

'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

Defendant also moves to dismiss the complaint for failure to state a claim upon which relief can be granted. (Doc. #18). Specifically, defendant argues that the complaint should be dismissed because: (1) the non-competition provisions are invalid, and (2) defendant cannot violate "unknown and unidentified contracts or business advantages." (Doc. #18).

### A.     Non-competition agreements

First, defendant asserts that the court should dismiss the complaint because plaintiff failed to plead facts supporting the existence of valid, reasonable non-competition agreements supported by consideration. (Doc. #18). Plaintiff responds that, at the motion to dismiss stage, it does not have to prove the enforceability of the non-competition agreements. Instead, it must only allege facts sufficient to state a plausible claim that valid and enforceable contracts existed, and that defendant was aware of the contracts. (Doc. #22).

In Nevada, a non-competition agreement constitutes an unlawful restraint of trade unless the agreement is (1) reasonable in its scope and duration and (2) supported by valuable consideration. NRS 613.200(4). A non-competition clause is unreasonable,

> if it is greater than is required for the protection of the person for whose benefit the restraint is imposed or imposes undue hardship upon the person restricted. The period of time during which the restraint is to last and the territory that is included are important factors to be considered in determining the reasonableness of the agreement.

*Camco, Inc. v. Baker*, 113 Nev. 512, 518 (1997).

At the motion to dismiss stage, the court is not inclined to weigh the reasonableness of the non-competition agreement. The complaint asserts that the employee agreements contain "enforceable clauses for non-competition and non-solicitation of [plaintiff's] employees for a period of one (1) year following termination of employment." (Doc. #15). Further, the complaint alleges that the "terms of the employee agreement are reasonable in scope and duration and the employee agreement is specifically enforceable under Nevada law." (Doc. #15). Finally, the complaint asserts that defendant was aware of the non-competition agreements. (Doc. #15). Therefore, plaintiff has

James C. Mahan
U.S. District Judge

- 4 -

alleged "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Accordingly, dismissal is not appropriate.

### B. Tortious interference with prospective advantage

Second, defendant asserts that the fourth claim for tortious interference with prospective advantage fails to state a claim upon which relief can be granted because defendant "cannot compete with unknown and unidentified contracts or business advantages." (Doc. #18). In response, plaintiff asserts that it has pled a valid claim because it has alleged that: (1) business relationships exist; (2) defendant was aware of the relationships; (3) defendant hired plaintiff's ex-employees to damage plaintiff; and (4) harm was done. (Doc. #22).

A claim for tortious interference with prospective economic advantage requires the following elements: (1) a prospective contractual relationship between the plaintiff and a third party; (2) knowledge by the defendant of the prospective relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct. *Winchinsky v. Mosa*, 109 Nev. 84, 87-88 (1993).

While plaintiff did not include specific contracts or specific dates of interference, these specific allegations are not necessary at the motion to dismiss stage. The complaint alleges that plaintiff "has prospective business advantages, opportunities, and/or expectancies in providing drilling services throughout the United States." (Doc. #15). Further, the complaint asserts that defendant is well aware of these prospective business advantages, opportunities and/or expectancies because defendant "operates in the same geographical locations, for the same clientele, performing the same operations." (Doc. #15). Again, plaintiff's complaint contains "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Therefore, dismissal of the complaint is not appropriate.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant National EWP, Inc.'s motion to dismiss plaintiff's first amended complaint (doc. #18) be, and the same hereby is, DENIED.

DATED June 4, 2012.

_____
UNITED STATES DISTRICT JUDGE